```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF VIRGINIA
                    Norfolk Division
```

MARCUS M.,[1]

      Plaintiff,

v.                                                  Civil No. 2:23cv159

MARTIN O'MALLEY, Commissioner
of Social Security,

      Defendant.

## FINAL ORDER

Marcus M. ("Plaintiff"), with the assistance of counsel, brought this action seeking judicial review of the final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying his claim for disability and supplemental security income benefits under the Social Security Act. ECF No. 1. The United States Magistrate Judge assigned to this case has issued a Report and Recommendation ("R&R") recommending resolution of this case in favor of the Commissioner, ECF No. 19, and Plaintiff has filed objections to the R&R, ECF No. 20. For the reasons set forth below, the Court **ADOPTS** the R&R, **DENIES** Plaintiff's motion for summary judgment, ECF No. 15, and **AFFIRMS** the final decision of the Commissioner.

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that federal courts use only the first name and last initial of any non-government parties in Social Security cases due to privacy concerns endemic to such cases.

### A. Procedural Background

Pursuant to 28 U.S.C § 636(b)(1)(B) and Rule 72(b) of the Federal Rules of Civil Procedure, this matter was referred to a United States Magistrate Judge for an R&R. ECF No. 13. On April 11, 2024, the Magistrate Judge issued a detailed R&R recommending that Plaintiff's motion for summary judgment be denied and the Commissioner's final decision be affirmed. ECF No. 19. By copy of the R&R, each party was advised of the right to file written objections, and on April 25, 2024, the Court received Plaintiff's timely objections to the R&R. ECF No. 20. The Commissioner filed a response, ECF No. 21, and the matter is ripe for review.

### B. Legal Standard

When a dispositive motion is referred to a magistrate judge, the district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); accord 28 U.S.C. § 636(b)(1)(B). A proper objection should be articulated "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." Elijah v. Dunbar, 66 F.4th 454, 460 (4th Cir. 2023) (quoting United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007)). For portions of the R&R for which no proper objection is made, a district judge must review only for clear error. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

When reviewing a final administrative decision, the district court "must uphold the factual findings of the [Administrative Law Judge ("ALJ")] if they are supported by substantial evidence and were reached through application of the correct legal standard." Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012) (citation omitted). Substantial evidence is "more than a mere scintilla," but requires no more than "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Biestek v. Berryhill, 587 U.S. 97, 103 (2019) (citations omitted); accord Oakes v. Kijakazi, 70 F.4th 207, 212 (4th Cir. 2023).

As part of this review process, the court does not "re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the [ALJ]." Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001) (cleaned up). Indeed, when there is a dispute over the extent of a claimant's physical or mental limitations, the issue for the court "is not whether Plaintiff is disabled, but whether the ALJ's determination is reinforced by substantial evidence . . . ." Dunn v. Colvin, 973 F. Supp. 2d 630, 638 (W.D. Va. 2013) (citing Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996)). Though this is a deferential standard of review, the ALJ still "must 'build an accurate and logical bridge' from the evidence to their conclusions" to pass muster. Arakas v. Comm'r, Soc. Sec. Admin., 983 F.3d 83, 95 (4th Cir. 2020) (quoting Monroe v. Colvin, 826 F.3d 176, 189 (4th Cir. 2016)).

3

## C. Discussion

Plaintiff offers what appear to be four objections to the R&R, though all are advanced under the heading "The Magistrate Judge erred in finding that the ALJ's [Residual Function Capacity ("RFC")] is supported by substantial evidence."[2] ECF No. 20, at 3. First, Plaintiff asserts that the Magistrate Judge erred by failing to consider whether Plaintiff's respiratory conditions are "equivalent" to the chronic respiratory disorder criteria listed in the Code of Federal Regulations. Id. at 4. Second, Plaintiff appears to argue that the Magistrate Judge erred by accepting the ALJ's conclusion that Plaintiff's knee/joint issues did not support a disability finding. Id. at 4-6. Third, in what appears to be a challenge to the RFC assessment, Plaintiff argues that the ALJ ignored evidence, or failed to adequately investigate, Plaintiff's cervical spine injuries. Id. at 6-7. Fourth and finally, Plaintiff focuses on his mental limitations and asserts that the Magistrate Judge failed to consider the ALJ's lack of explanation regarding Plaintiff's "moderate limitations in concentration and persistence" when assessing his RFC. Id. at 7.

First addressing Plaintiff's respiratory conditions, this Court's de novo review leads to the same conclusion reached by the Magistrate Judge. It appears undisputed that Plaintiff's

---

[2] The RFC is intended to measure the most that a claimant can do in a work setting despite any mental and physical limitations resulting from their impairments. Hines v. Barnhart, 453 F.3d 559, 562 (4th Cir. 2006).

4

conditions do not meet the "listing" requirements for a chronic respiratory disorder, ECF No. 17, at 16-18; however, Plaintiff argues that the ALJ did not adequately consider whether Plaintiff's conditions "qualified for an equivalence" under the listing criteria, ECF No. 20, at 5. As argued by the Commissioner in response, and as discussed in the R&R, ECF No. 19, at 21-22, Plaintiff fails to point to findings by any medical experts or consultants supporting equivalence. See Sherrod v. Kijakazi, No. 4:21cv49, 2022 WL 4130766, at *4 (E.D.N.C. Sept. 12, 2022) (explaining that an ALJ's equivalence finding must be based on an administrative finding by a medical consultant or psychological consultant or evidence from a medical expert developed at the hearing level); Wilder v. Kijakazi, 22 F.4th 644, 653 (7th Cir. 2022) (indicating that ALJs have a duty to "obtain a medical expert's opinion" on equivalency only in situations where they believe that the evidence reasonably supports an equivalency finding).[3] There is, however, record evidence that undercuts

---

[3] Though Plaintiff's objections assert that the "ALJ failed to properly consider whether . . . Plaintiff's respiratory conditions were equivalent to the listing criteria," ECF No. 20, at 4, the ALJ expressly considered whether Plaintiff's documented respiratory deficiencies "meet or medically equal the criteria of any impairment listed under section 3.00 Respiratory Disorders." R. 21 (emphasis added). To the extent Plaintiff suggests that the ALJ should have accepted Plaintiff's testimony about the severity of his breathing conditions without question, ECF No. 20, at 4, the ALJ acted within his discretion when concluding that the "intensity, persistence and limiting effects" of the symptoms Plaintiff self-reported at the disability hearing are "inconsistent" with other record evidence, including Plaintiff's previous self-reported symptoms during visits with medical providers. R. 23-28. This Court does not reweigh this conflicting evidence, instead finding that substantial evidence supports the ALJ's findings.

Plaintiff's claim that his respiratory conditions were sufficiently severe to be equivalent to a listed disability. See, e.g., R. 825 (indicating that Plaintiff's COPD is "mild" and "nowhere near disability"); R. 92-94, 126 (evaluations of state agency physicians); see also R. 21 (noting that while Plaintiff has COPD with emphysema and asthma, "he has not had any hospitalizations related to breathing difficulties" since the alleged onset date). For these reasons, Plaintiff's first objection lacks merit.

Next considering Plaintiff's challenge to the sufficiency of the evidence regarding his knee/joint issues and whether they met or equal a listed disability, de novo review reveals that Plaintiff fails to demonstrate that critical evidence was ignored or that there was insufficient evidence to support the ALJ's findings. Rather, the ALJ effectively discussed the favorable and unfavorable evidence, and acted within his discretion when concluding that Plaintiff's joint conditions were not "severe."[4] When conducting this analysis, the ALJ was permitted to place less weight on Plaintiff's testimony that he needed his cane to ambulate "any time" he went outside the house or had to "take more than four or five steps," R. 50-51, in light of the contrary evidence,

---

[4] As to Plaintiff's elbow pain, the record supports the finding that this was not an ongoing medical issue as it appears that Plaintiff only sought medical treatment on a single occasion. See R. 737; cf. 42 U.S.C. § 423(d)(1)(A) (defining "disability" to include "any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months").

6

including Plaintiff's frequent doctor visits where he was assessed to have a normal gait and did not rely on an assistive device.[5] See, e.g., R. 625, 673, 933-34, 940, 950; see also R. 51 (admitting that Plaintiff had not been prescribed a cane and had not even discussed using one with his doctor).[6] The ALJ's findings on this issue are therefore upheld.

Third, Plaintiff's challenge to the findings regarding his cervical spine injury fail after de novo review, as Plaintiff's position appears to rely primarily on speculation regarding the severity of his injuries in light of the need for "a large amount of narcotic medication" following his traffic accident. ECF No. 20, at 6. The ALJ, however, appropriately focused the disability and RFC analysis on Plaintiff's ongoing conditions that were supported by medical evidence (knee and respiratory issues) rather than the severity of Plaintiff's physical injuries in the immediate

---

[5] To the extent Plaintiff's objections can be viewed as challenging the section of the R&R addressing Plaintiff's credibility, ECF No. 19, at 30-32, this Court has performed a de novo review of this issue and agrees with and fully adopts the Magistrate Judge's analysis.

[6] As highlighted in the R&R, the lack of evidence indicating that Plaintiff had a medical need for a specific type of assistive ambulatory device precludes him from satisfying the criteria in the applicable medical listing. ECF No. 19, at 24. Moreover, to the extent Plaintiff's objections can be interpreted as challenging the RFC findings regarding his joint issues, the ALJ's findings were based on substantial evidence, with some findings made in Plaintiff's favor. See R. 28 (finding that Plaintiff is "more limited" than provided in Disability Determination Explanations "due to knee pain and swelling"). Although the ALJ found Plaintiff more limited than certain evaluators reported, he noted that even if one assumes that Plaintiff was limited to sedentary work consistent with needing to use a cane, the "vocational expert identified [sedentary] jobs that exist in significant numbers." R. 28-29.

aftermath of a traffic accident. Indeed, based on records from the months following the accident, Plaintiff did not receive any medical treatment for neck or back injuries. ECF No. 19, at 27. This fact was confirmed by Plaintiff's testimony before the ALJ one year after the accident, as Plaintiff explained that while he knew that he had a compressed vertebrae that "impacts" his neck and back, Plaintiff had not seen a doctor for any ongoing problems resulting from that issue. R. 52. Plaintiff also testified that his post-accident methadone treatment offered the dual benefits of averting addiction to pain medication and helping control his knee and chest pain without causing harmful side effects. R. 53. Plaintiff thus fails to demonstrate that the ALJ performed an inadequate investigation into this medical issue.

Finally, after de novo consideration of Plaintiff's challenge to the Magistrate Judge's purported failure to adequately assess the ALJ's handling of Plaintiff's mental health issues, the Court finds that Plaintiff's effort to demonstrate error on the part of the Magistrate Judge (and ultimately the ALJ) fails. In his objections, Plaintiff cites Mascio v. Colvin, 780 F.3d 632 (4th Cir. 2015) in support of the claim that the hypothetical presented to the Vocational Expert ("VE") in this case was flawed because it did not consider Plaintiff's mental impairments "such as moderate difficulties maintaining concentration and persistence." ECF No. 20, at 3-4, 7. However, contrary to Plaintiff's representations,

8

and unlike the situation in Mascio, the mental limitations at issue in this case were not identified as "moderate" and then mishandled as part of the RFC assessment. ECF No. 20, at 7. Rather, here, the identified mental limitations (i.e., concentrating, persisting, maintaining pace, etc.) were determined to cause "no more than 'mild' limitation in any of the functional areas," with the ALJ separately finding that "the evidence does not otherwise indicate" that Plaintiff's "mild" mental conditions create "more than a minimal limitation" on Plaintiff's ability "to do basic work activities." R. 20-21.[7] As Plaintiff's position appears to rely on the mistaken characterization of the severity of Plaintiff's mental limitations, and in the absence of any demonstrated error in the finding that Plaintiff had only "mild" limitations, Plaintiff's final objection fails to demonstrate that errors by the ALJ resulted in the presentation of a flawed hypothetical to the VE.

---

[7] Although the argument is undeveloped, Plaintiff briefly faults the RFC and/or the hypothetical presented to the VE based on the ALJ's failure to "include the environmental exposure to certain chemicals and [Plaintiff's] inability to interact with the public." ECF No. 20, at 7. Two aspects of the record undercut this cursory claim. First, the hypothetical presented to the VE expressly included the requirement of avoiding "even moderate exposure to respiratory irritants and extreme temperatures and humidity." R. 22, 55. Second, the ALJ analyzed Plaintiff's functional area of "interacting with others" and found that he has only "mild limitations," further noting that he "has no problems getting along with others." R. 20. Moreover, multiple potential jobs identified by the VE as appropriate for Plaintiff involved either "no public interaction" or only "occasional public" interaction. R. 59-61. To the extent that the VE acknowledged that there is a "possibility" for some "unexpected" respiratory irritants in work environments, including "perfumes," R. 58, the acknowledgment of a mere "possibility" does not undermine the finding that Plaintiff could perform the "light work" and "sedentary" jobs identified by the VE.

In summary, the undersigned fully concurs with the Magistrate Judge's analysis and ultimate finding that there was substantial evidence to support the ALJ's decision to deny disability benefits.[8] As outlined in the R&R and restated above, the Court's role is not to reweigh conflicting evidence, but to determine whether the ALJ's factual findings are supported by substantial evidence. ECF No. 19, at 18. Here, the record contains substantial evidence supporting the ALJ's rulings, which were made after collectively considering the impacts of Plaintiff's physical and mental limitations. See Hancock, 667 F.3d at 472 ("Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ.") (cleaned up) (citation omitted).

### D. Conclusion

For the reasons set forth above, the R&R is **ADOPTED** in its entirety, ECF No. 19, Plaintiff's summary judgment motion is **DENIED**, ECF No. 15, and the final decision of the Commissioner is **AFFIRMED**. The Clerk is requested to forward a copy of this Final Order to all counsel of record. **IT IS SO ORDERED.**

/s/ _____
Mark S. Davis
CHIEF UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
June 24, 2024

---

[8] The Court has reviewed the entire R&R and finds no clear error in any findings or recommendations that were not specifically objected to.